IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:07-CV-180-FL

| | | |
|---|---|---|
| DEAN URASH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings (DE #18, 23) and plaintiff's timely objections to the memorandum and recommendation ("M&R") entered by the magistrate judge. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court grants plaintiff's motion for judgment on the pleadings, denies defendant's motion, and remands this matter to the Commissioner of Social Security ("the Commissioner") for further proceedings consistent with this order.

## BACKGROUND

Plaintiff filed an application for disability insurance benefits and supplemental security income payments on November 7, 2005, alleging a disability onset date of October 31, 2005. Both claims were denied initially and again upon reconsideration, and a request for hearing was timely filed.

A hearing was held before an Administrative Law Judge ("ALJ") on December 20, 2006, at which plaintiff was represented by counsel. On June 21, 2007, the ALJ issued a decision denying

plaintiff's claims. The Appeals Council denied plaintiff's request for review, thereby rendering the ALJ's decision the final decision of the Commissioner.

Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). Plaintiff argues that the ALJ's decision should be reversed on the principal grounds that the ALJ erred by: (1) concluding that plaintiff's seizure impairment, while severe, does not meet or equal the requirements of Listing 11.02; (2) erroneously assessing plaintiff's credibility; and (3) relying exclusively on the Medical-Vocational Guidelines listed in 20 C.F.R. § 404, Subpart P, Appendix 2 ("the Grids") in determining plaintiff was capable of other employment existing in the national economy. In the alternative, plaintiff asserts there is new and material evidence that should be incorporated into the record by the ALJ on remand pursuant to sentence six of 42 U.S.C. § 405(g).

Through M&R entered September 18, 2008, the magistrate judge recommends that this court deny plaintiff's motion for judgment on the pleadings, grant defendant's motion, and uphold the final decision of the Commissioner. Plaintiff timely objected to the M&R and defendant responded to the objections.

## DISCUSSION

### A. Standard of Review

This court's role in reviewing defendant's final decision regarding plaintiff's disability status is limited to determining whether substantial evidence supports defendant's factual findings and whether the decision was reached through the application of the correct legal standards. See Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). It must be "more than a mere scintilla of evidence but may be

2

somewhat less than a preponderance." Id.

In addressing an objection to an M&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

## B. Analysis

Plaintiff raises three objections to the M&R. First, plaintiff argues that both the ALJ and magistrate judge erred in concluding that plaintiff's documentation must include at least one electroencephalogram ("EEG") and in concluding that plaintiff did not meet Listing 11.02. Second, plaintiff argues that the magistrate judge erred in approving the ALJ's reliance on the Grids. Finally, plaintiff argues that the magistrate judge erred by declining to order a remand pursuant to sentence six of 42 U.S.C. § 405(g).

At the third step of the sequential evaluation process, the ALJ found that plaintiff's seizure disorder does not meet or medically equal the criteria for epilepsy found in Listing 11.02. Listing 11.02 applies to convulsive epilepsy that is "documented by detailed description of a typical seizure pattern, including all associated phenomena; occurring more frequently than once a month in spite of at least 3 months of prescribed treatment," with either daytime episodes or "[n]octurnal episodes manifesting residuals which interfere significantly with activity during the day." 20 C.F.R. § 404, Subpt. P, App. 1, § 11.02.

In conducting the step three analysis, the ALJ erred in finding that the record contains no documentation of the frequency of plaintiff's seizures. (R. at 13.) Although the magistrate judge

3

concluded that this error was harmless, this court disagrees. On April 3, 2007, after plaintiff's administrative hearing but before the ALJ issued a decision, the ALJ secured and incorporated into the record medical evidence from New Hanover Regional Medical Center relating to plaintiff's visits on July 24, 2006, and October 23, 2006. (R. at 19A-19J.) These medical records clearly document the frequency of plaintiff's seizures. Specifically, on July 24, 2006, plaintiff informed doctors that his last seizure had been the previous Monday, and his girlfriend, who lives with plaintiff and often witnesses his seizures, reported that plaintiff usually experiences one seizure every three weeks. (R. at 19D.) At that time, plaintiff admitted being non-compliant with his medication and claimed that he could not afford the cost of the prescription. The doctors restarted plaintiff's treatment on Depakote and provided plaintiff with sample medications from the outpatient pharmacy, and further indicated that they would encourage plaintiff to speak with a social worker regarding a drug assistance program or charity care.

Plaintiff was next seen at the clinic on October 23, 2006, for follow-up on his seizure disorder. At that time, plaintiff reported that he had suffered three seizures since his last visit. Plaintiff's girlfriend, who witnessed the seizures, reported that they lasted five to six minutes and were characterized by teeth clenching, tongue biting with no blood, and generalized seizing with gross violent movement not described as tremors. Plaintiff's girlfriend reported that plaintiff had suffered additional "minor seizures" during his sleep. Plaintiff reported that he had been taking his medication as prescribed, and testing indeed revealed that plaintiff's anticonvulsant blood level was in the therapeutic range. (R. at 19J.) These records provide some evidence that plaintiff suffered at least three seizures during a three month period despite being compliant with his prescribed

4

medication.[1]

Although the medical records from July 24, 2006 and October 23, 2006 were secured by the ALJ and incorporated into plaintiff's record prior to the ALJ's decision, it is evident the ALJ failed to consider them. The ALJ found that plaintiff's record contained "no documentation" of the frequency of plaintiff's seizures, a finding that plainly conflicts with the medical records discussed above. Furthermore, when considering plaintiff's residual functional capacity ("RFC") before step four of the sequential evaluation process, the ALJ found that "there is no indication that [plaintiff] has sought any recent treatment for seizures" and that "his last evaluation for a seizure disorder was on April 24, 2006." (R. at 16.) These findings directly conflict with the medical evidence discussed above, which indicate that plaintiff had indeed sought treatment for recurrent seizures in July and October 2006.

Although a disability claimant bears the burden of proving that an impairment meets or equals a listing, see Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987), the ALJ has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record. Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986). Because the ALJ in this case failed to consider medical evidence which at least arguably demonstrates that plaintiff had suffered seizures more frequently than once a month in spite of three months of treatment, the court cannot find that the ALJ's determination at step three of the sequential evaluation process was supported by substantial

---

[1] The magistrate judge reasoned that because this evidence did not indicate when the three documented daytime seizures occurred, plaintiff failed to meet his burden with respect to Listing 11.02. The medical evidence reveals, however, that plaintiff suffered nighttime seizures during this three month period in addition to the three documented daytime seizures. Whether those nocturnal seizures manifested residuals which interfered significantly with plaintiff's daytime activity, as required by Listing 11.02, was an issue the ALJ should have considered. See Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986) ("[T]he ALJ has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the claimant when that evidence is inadequate.")

5

evidence. Accordingly, this matter must be remanded for further proceedings.

Plaintiff also argues that the magistrate judge erred in finding that plaintiff needed to present the results of an EEG in order to meet Listing 11.02. Plaintiff highlights a discrepancy between the requirements of Listing 11.02 as set forth in the 2007 regulations applicable at the time of the ALJ's decision in plaintiff's case (which do not require that a claimant document epilepsy with the results of an EEG), and Social Securing Ruling ("S.S.R.") 87-6, cited by the magistrate judge, which contains such a requirement.[2] To the extent that S.S.R. 87-6 is inconsistent with the most recent regulation, the regulation controls. The court thus sustains plaintiff's objection in this regard.

Plaintiff has submitted new evidence in these proceedings which he urges justify a remand pursuant to sentence six of 42 U.S.C. § 405(g). Sentence six authorizes the court to remand a case to the Commissioner upon a showing of new, material evidence, if the claimant can show good cause for failure to incorporate the evidence into the record in a prior proceeding. The evidence submitted by plaintiff includes (1) a declaration dated April 22, 2008 and a neuropsychological evaluation dated December 22, 2007 by Antonio Puente, Ph.D.; (2) plaintiff's declaration dated May 6, 2008 stating he was not aware of the need for neuropsychological testing and that he did not have the means to pay for the examination; (3) medical records from Grand Strand Regional Medical Center dated October 31, 2005; and (4) medical records from New Hanover Regional Medical Center dated January 2007 through August 2007.

Although remand is warranted on other grounds, the court finds that plaintiff has also satisfied the sentence six burden with respect to the medical records from New Hanover Regional

---

[2] Documentation by EEG was required under the version of 20 C.F.R. § 404, Subpt. P, App. 1, § 11.02 in effect until May 24, 2002.

6

Medical Center. Those records are new and material, in that they further document plaintiff's seizure disorder and provide additional evidence of plaintiff's compliance with his prescribed medication up to the time of the ALJ's decision.[3] The court further finds that plaintiff has shown good cause for failing to incorporate them into the record during the earlier proceedings.

The court finds, however, that plaintiff has failed to meet his burden under sentence six with respect to the other additional evidence submitted to the court. Specifically, plaintiff has not shown good cause for his failure to present results from a neuropsychological evaluation in the prior proceeding, as such consultative examinations are purchased at the expense of the Social Security Administration, and plaintiff was represented by counsel when his case was before the ALJ. The medical records from Grand Strand Regional Medical Center are cumulative of medical evidence already in the record, and therefore are not "new" under sentence six.

Finally, the court must discuss the nature of the remand ordered. This case is unusual in that remand is warranted pursuant to both sentence four and sentence six of 42 U.S.C. § 405(g). Remand under sentence four is warranted because the inadequate consideration and development of certain medical evidence of record, which arguably shows that plaintiff meets the requirements of Listing 11.02, makes it impossible for the court to conclude that substantial evidence supports the Commissioner's determination that plaintiff is not disabled. Remand is warranted pursuant to sentence six to allow consideration of the new evidence previously noted. Thus, the court finds that a "dual basis" remand is proper.[4] See Jackson v. Chater, 99 F.3d 1086, 1097-98 (11th Cir.1996);

---

[3] Although the August 2007 medical records reflect treatment occurring after the ALJ's decision, they may nonetheless be relevant to impairments existing on or before the date of the decision.

[4] The type of remand ordered can affect the time period within which to file a fee application. The court adopts the reasoning of the Eleventh Circuit in Jackson v. Chater, which held as follows:
(continued...)

Bradley v. Barnhart, 463 F. Supp. 2d 577, 583 (S.D.W.Va. 2006).

Having concluded that this case must be remanded for further proceedings, the court does not reach the merits of plaintiff's final objection to the M&R, regarding the ALJ's reliance on the Grids in determining plaintiff to be capable of other employment existing in the national economy.

## CONCLUSION

Due to the inadequate consideration and development of medical evidence of record which arguably shows that plaintiff meets the requirements of Listing 11.02, the court finds it impossible to conclude that there is substantial evidence to support the Commissioner's determination that plaintiff is not disabled. Accordingly, plaintiff's motion for judgment on the pleadings is GRANTED, defendant's motion is DENIED, the decision of the Commissioner is reversed, and this case is remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for rehearing. The case is further remanded for consideration of new evidence pursuant to sentence six of 42 U.S.C. § 405(g). The clerk is directed to close the case.

SO ORDERED, this the 23rd day of March, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge

---

[4](...continued)
In a dual basis remand case, the entry of judgment pursuant to sentence four in conjunction with the remand order constitutes a final judgment, i.e., a judgment which is a final order of the district court. Furthermore, the claimant is a prevailing party entitled to seek fees under the EAJA; the claimant prevails by obtaining a remand for reconsideration of his case by the Commissioner (or the ALJ). Because the entry of judgment remanding the case on dual grounds is a final judgment, a claimant who achieves such a remand can file an EAJA application for fees within thirty days of the time the entry of judgment of remand is final and no longer appealable.
Jackson v. Chater, 99 F.3d 1086, 1097 (11th Cir. 1996).